# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00426-CV

**In re Taran Champagne**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Taran Champagne (Father) petitions for writ of mandamus seeking relief from the sanctions award rendered by the trial court as part of its August 2, 2021 temporary orders. That order denied real party in interest Rui Cao's (Mother's) request for interim attorney's fees, but then separately awarded $4,784.25 as a sanction against Father. For the reasons explained below, we conditionally grant mandamus relief.

## BACKGROUND

This mandamus petition arises out of a modification suit affecting the parent-child relationship between Father and Mother concerning their minor child. After Mother filed her petition to modify, Father, acting pro se, filed a plethora of documents, including a special appearance, motion to compel discovery responses and for sanctions, motion to strike pleadings, motion to dismiss, motion for Rule 13 sanctions, motion to quash plaintiff's motion for interim

fees, and motion for bond.[1]  Mother in response requested that the trial court enter temporary orders, award interim attorney's fees, and sign a withholding order.

On July 14, 2021, the trial court held a hearing on those filings.  The court first considered and denied each of Father's filings.  Thereafter, the court heard arguments on Mother's request for interim attorney's fees under the Texas Family Code.  During that portion of the hearing, the court for the first time indicated that an award of fees as a sanction for Father's litigation conduct appeared "more appropriate and defensible position" than an award of interim fees.  Ultimately, the trial court denied the request for interim attorney's fees but then separately awarded $4,784.25—representing approximately half of the total amount of attorney's fees evidenced at the hearing as having been incurred by Mother's counsel in response to the numerous filings by Father—as a sanction against Father.  The trial court thereafter signed temporary orders on August 2, 2021, which provided that the interim-fee request was denied but that $4,784.25 of attorney's fees were awarded as sanctions against Father, consistent with the court's earlier oral ruling.

Father now seeks mandamus relief from those temporary orders, contending that the trial court abused its discretion in ordering sanctions.

## STANDARD OF REVIEW

Mandamus relief is an extraordinary remedy only available when the trial court abuses its discretion and relator has no adequate remedy by appeal.  *See In re K & L Auto*

---

[1] Although Father filed his special appearance challenging the trial court's jurisdiction in response to Mother's petition to modify, Father had previously filed his "Demand for Promissory Estoppel" in the same cause number, requesting the trial court modify the parties' possession schedule and attempting to assert claims against Ken Paxton in his capacity as the Attorney General.  The promissory-estoppel demand was not at issue at the July 14, 2021 hearing.

*Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding). A court "abuses its discretion if it acts without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable." *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020). When a trial court abuses its discretion in the issuance of temporary orders, mandamus relief is proper because there are no adequate appellate remedies. *See* Tex. Fam. Code § 105.001(e) ("Temporary orders rendered under this section are not subject to interlocutory appeal."); *In re Rogers*, 370 S.W.3d 443, 445 (Tex. App.—Austin 2012, orig. proceeding); *see also In re Hereweareagain, Inc.*, 383 S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) (granting mandamus relief on sanction award).

## ABUSE OF DISCRETION

Father contends that the trial court abused its discretion by ordering sanctions without proper notice that sanctions were being considered.[2]

Sanctions may be imposed pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code and Rule 13 of the Texas Rules of Civil Procedure. *See* Tex. Civ. Prac. & Rem. Code §§ 10.001, .004(b); Tex. R. Civ. P. 13. Even in the absence of an applicable rule or statute, a court has the inherent authority to impose sanctions for bad-faith abuses of the judicial process. *See Brewer*, 601 S.W.3d at 718–19 (explaining that court's inherent power to sanction "exists to

---

[2] Father also contends that insufficient evidence supports the sanction award. However, the trial court's inherent power to sanction extends to sanctions necessary "to deter, alleviate, and counteract bad faith abuse of the judicial process." *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 718 (Tex. 2020). Several of Father's filings are frivolous on their face—such as seeking sanctions for discovery abuses before the relevant discovery responses were even due—and evidence was presented at the hearing regarding the attorney's fees incurred by Mother in responding to such frivolous filings. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding) ("[W]e defer to the trial court's factual determinations if they are supported by evidence . . . .").

the extent necessary to deter, alleviate and counteract bad faith abuse of the judicial process"); *Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 446 (Tex. App.—Austin 2004, pet. denied). However, whether exercised pursuant to Chapter 10, Rule 13, or its inherent power, a trial court's discretion to impose sanctions is subject to at least one important limitation: sanctions may only be imposed when the person or party against whom the sanction is sought has received notice and an adequate opportunity to respond. *See* Tex. Civ. Prac. & Rem. Code § 10.003 (requiring that "the court shall provide a party who is the subject of motion for sanctions . . . notice of allegations and a reasonable opportunity to respond to the allegations"); Tex. R. Civ. P. 13 (providing that court shall impose "an appropriate sanction" "upon motion or its own initiative, after notice and hearing"); *Brewer*, 601 S.W.3d at 718 (explaining that "[t]he court's inherent power to sanction is not boundless" and "is limited by due process"); *Greene v. Young*, 174 S.W.3d 291, 298 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("The relevant sources for the sanctions imposed in this case—Rule 13, Chapter 10, and the court's inherent power—expressly require that notice be given to the party subject to the sanctions.").

Here, Mother's request for interim attorney's fees makes no reference (or otherwise puts Father on notice) that she also sought attorney's fees as a sanction. *See Greene*, 174 S.W.3d at 300 (explaining that requesting sanctions under one specific procedural rule "did not provide appellants with sufficient notice to prepare a defense to sanctions that might be imposed under Chapter 10 or the family court's inherent power to sanction"). Mother contends in the alternative that she requested attorney's fees in her petition. Her petition, however, makes no reference to sanctions (or any statute or rule authorizing sanctions), instead including only general language consistent with seeking attorney's fees under the Texas Family Code. *See, e.g.*, Tex. Fam. Code § 106.002. Similarly, the trial court did not provide any notice before the

hearing that it was considering sanctions; rather, the court first raised the sanctions issue at the hearing itself. *See In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (orig. proceeding) (holding that no due process violation occurred because "[c]ounsel were given notice of the court's intention to consider sanctions and were given an opportunity to respond").

Based on the record before us, Father was not notified that Mother would be seeking, or that the trial court was considering, sanctions against him until the court raised the possibility of sanctions at the omnibus hearing. *See In re Hereweareagain, Inc.*, 383 S.W.3d at 708. Because Father did not receive notice or, consequently, an adequate opportunity to respond, we conclude that the trial court abused its discretion in assessing the attorney's fees against Father as a sanction.[3]

## CONCLUSION

We conditionally grant Father's petition for writ of mandamus and direct the trial court to vacate the portion of its August 2, 2021 temporary orders compelling Father to pay $4,784.25 in attorney's fees as a sanction. The writ will issue only if the trial court fails to comply.

---

[3] Father also contends that the trial court abused its discretion by ending the digital livestream of the proceedings in violation of his Sixth Amendment right to a public trial. His argument is inapposite. The livestream arose as part of a SAPCR modification, not any criminal prosecution against him. *See Lilly v. State*, 365 S.W.3d 321, 328 (Tex. Crim. App. 2012) ("The Sixth Amendment of the United States Constitution guarantees an accused the right to a public trial in *all criminal prosecutions*." (emphasis added)).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed:   October 27, 2021